1 | Michael R. Totaro        102229
Totaro & Shanahan
2 | P.O. Box 789
Pacific Palisades, CA 90272
3 | (310) 573-0276 (v)
(310) 496-1260(f)
4 |

5 | Attorneys for Debtor/Debtor in
Possession
6 |

7 |

8 |                    UNITED STATES BANKRUPTCY COURT

9 |        CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10 |

11 | In re

12 |    Naresh Mehra,

13 |        Debtor/Debtor in Possession.

14 |

15 |

| Case No. 2:11-bk-18778-EC

Chapter 11

DEBTOR    IN    POSSESSIONS'    CASE MANAGEMENT            CONFERENCE STATEMENT

Date:    April 27, 2011
Time:    11:30 a.m.
Ctrm:    1639
         255 E. Temple St.
         Los Angeles, CA 90012

20 | TO THE HONORABLE COURT:

21 |    Debtor in Possession Naresh Mehra submits the following Case Management

22 | Conference Statement:

23 | A.    Description of Business and Operations:

24 |    This is an individual Chapter 11 proceeding. The case had to be filed as a Chapter 11

25 | because debtor is way over the unsecured debt limits for a chapter 13 case.

26 |    Debtor is also the owner of two large parcels of commercial property in a highly sought

27 | after area of Santa Monica California. He is also the owner of what was his second home in

28 |

1  Hana, Hawaii. However his residence was lost in a foreclosure sale.

2       Debtor is the managing member of a limited liability corporation called Fork Me Spoon

3  Me, LLC ("FMSM") which purchased a restaurant in Santa Monica a few years ago but faced

4  many set back to its opening.  The restaurant opened in October 2010 and business is steadily

5  improving such that the restaurant is currently meeting its expenses.  Debtor is paid a salary from

6  the restaurant but if necessary he might put the money back into the restaurant.

7       **B.      Background re Bankruptcy**

8       1)      **Cause of Filing** – Debtor has 40 years of experience on the restaurant

9  business having opened, managed and sold several restaurants on the Santa Monica/

10  Venice area over these many years. Three restaurants started by debtor are still operating

11  in Santa Monica/Venice however he no longer owns these. In 2007 Debtor's company

12  FMSM purchased an existing restaurant on Main St in Santa Monica.. In the year it took

13  to close escrow (closed April 30, 2008) the seller was to continue operating his

14  restaurant, however he closed this former restaurant. The result was that all of the

15  grandfathered rights such as a liquor license and right to run a restaurant on the premises

16  were lost.  It took 2 more years for the City of Santa Monica to re-approve these rights

17  through the planning commission and then approve building and safety permits. Thus

18  starting up this new business, which was expected to take 6 months, took three years

19  without any income.

20       The new restaurant was able to open in late 2010, although only half of the interior

21  space was initially approved to date, and it started as a smaller facility than originally

22  planned. The additional patio area was just recently approved which will almost double

23  the seating. Getting this restaurant up and running was a huge drain on Debtor's finances.

24  Debtor would get behind on mortgages on both his home and his rental properties, then

25  catch up, get behind again until he finally lost his home and got further behind on the

26  other mortgages.

27       The larger property located at 145 Bay St., Santa Monica, CA ("145 Bay") has

28  equity and a substantial positive cash flow. In November 2010 the lender, JP Morgan

Chase Bank, NA ("Chase"), filed an action in the Los Angeles Superior Court for specific performance and appointment of a receiver. A receiver was appointed and took over the property and collected the rents from December 2010 through February 2011. This bankruptcy was filed to prevent the loss of the property through a foreclosure.

The other rental property is located at 135-137 Bay St., Santa Monica, CA ("137 Bay"). The Lender is AllStar Financial Services. Debtor is behind on this loan as well. While there is some equity in this property it does have a slight negative.

2)     **Debtor's Goal** - The goal here is simple: Debtor has equity in various property and he intends to propose a plan that will provide for repayment of his arrearages and unsecured debt over the term of the plan. He anticipates a 100% plan. The only modification Debtor intends is to write down the interest rate on the loan on 137 Bay which will allow the income to cover the expenses.

3)     **Problems to be Resolved**:  The Court granted Debtor's Motion to Use Cash Collateral from the two properties. A Motion for Relief from Stay ("MFRS") was filed by Chase and is scheduled for May 25, 2011 as to the 145 Bay property. There are a number of issues in that motion however the hearing is scheduled for two days before this hearing. Attached to this statement are copies of Debtors Schedules I & J which show the

The Court has set the claims bar date for June 10, 2011 and all creditors have been notified. Debtor has some concerns as to the possible amount of the claim of Chase as to the loan on 145 Bay St. which hopefully will be answered in the proof of claim to be filed. Debtor may have to file objections to that claim to be resolved by the Court. Once all claims have been filed and settled Debtor should be able to file the disclosure statement and Chapter 11 Plan of reorganization.

4)     **Debtor Compliance** - Debtor has or will have complied with the requirements of 11 U.S.C. §§ 521, 1006 and 1107 and the Guidelines of the Office of the United States Trustee.

5)     **Professionals to be Employed** – Debtor's counsel has filed a Motion to Employ Counsel under LBR 9013-1(o).  No opposition was filed and a declaration has

1  been submitted to the court along with a proposed order. Debtor does not anticipate

2  hiring any other professionals at this time.

3          6)    The court has granted authority to use cash collateral as to both properties.

4  Debtor has requested the receiver to provide an accounting as to the rents received from

5  145 Bay and any expenses paid during this time. Currently Debtor has no information as

6  to these funds. By the time of the hearing Debtor hopes to be able to provide the Court

7  with further information in this respect.

8          7)    Evidence of compliance with Rule 1007 of the Federal Rules of Bankruptcy

9  procedure as required by the Court is submitted via the attached declaration of counsel.

10  Counsel's declaration also attests to compliance with the accounting and administrative

11  requirements established by the United States trustee. The declaration of Michael R.

12  Totaro is attached hereto as Exhibit 2 and incorporated herein by reference.

13          8)    Debtor prepared a projected cash flow statement for September 2010

14  through December 2010. The cash flow statement averages all expenses on a monthly

15  basis so it does not vary from month to month.  The projected cash flow is attached as

16  Exhibit 5 and incorporate herein by reference.

17          C.    **Proposed Deadlines** – The Claims bar Date is set as June 10, 2011. Debtor

18  may have to file an objection to the claim of Chase.  On this basis Debtor proposes

19  proposes a deadline of August 10, 2011 for filing the Plan and Disclosure Statement

20  which will give sufficient time to resolve and disputes as to claims.

21  Dated: April 13, 2011                              Totaro & Shanahan

22

23                                                      By _____

24                                                          Michael R. Totaro
                                                          Attorneys for Debtor
25

26

27

28

4

# DECLARATION OF MICHAEL R. TOTARO

I, Michael R. Totaro, declare:

1.     I am and attorney at law licensed to practice before this Court and a partner in the law firm of Totaro & Shanahan, proposed attorneys for Debtor in this matter. A motion to employ counsel has been filed and not opposed and is therefore awaiting an order by this Court. I have personal knowledge of the following facts and if called as a witness I could and would testify competently thereto.

2.     With the assistance of Debtor I prepared the lists, schedules, statements and other documents required for full compliance with Rule 1007 of the Federal Rules of Bankruptcy Procedure which were filed with the Petition. On March 4, 2011 I prepared and filed an Amended schedule F and List of creditors holding 20 largest unsecured claims. I will be amending Schedule D to list a secured creditor overlooked by Debtor.

3.     In compliance with the requirements of the United States Trustee with the assistance of Debtor I prepared and submitted to the Office of the United States Trustee the seven day packet, which included among other matters real property questionnaires for all real property, prior and closing bank statements, proof of opening the DIP accounts, proof of insurance, income taxes and other requirements. Debtor is still waiting for imprinted checks for his three DIP accounts as there was a mix up with the bank as to these. As soon as Debtor receives these a voided check from each account will be provided to the US Trustee's Office. In addition, Debtor had to send additional information to the Recorder's office in Hawaii as they have a double recording system. Thus, he is awaiting information as to the recording of the petition in Hawaii. Again once received this will be provided to the US Trustee's office.

4.     Debtor is preparing his first Monthly Operating Report ("MOR") for March 2011 which will be filed and submitted to the United States Trustee's Office within the next couple of days. Debtor will also be paying his first quarterly fees this month. Debtor is aware of these fees and in fact has allowed for them in his monthly budget.

1       I declare under penalty of perjury that the foregoing is true and correct. Executed

2  on April 13, 2011 at Los Angeles, CA 90272.

3

4                                          _____

5                                      Michael R. Totaro

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Form B6I - (Rev. 12/07)                                                          2007 USBC, Central District of California

| In re    Naresh Mehra | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status:    Divorced 1999 | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S) | AGE(S) |
| Employment: | DEBTOR | SPOUSE |
| Occupation | Manager Restaurant | |
| Name of Employer | Fork Me Spoon Me, LLC | |
| How long employed | 3 months | |
| Address of Employer | Santa Monica, CA | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 6,000.00 | $ |
| 2. Estimate monthly overtime | $ 0.00 | $ |
| 3. SUBTOTAL | $ 6,000.00 | $ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|     a. Payroll taxes and social security | $ 0.00 | $ |
|     b. Insurance | $ 0.00 | $ |
|     c. Union dues | $ 0.00 | $ |
|     d. Other (specify) | $ 0.00 | $ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 6,000.00 | $ |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | $ 0.00 | $ |
| 8. Income from real property | $ 0.00 | $ |
| 9. Interest and dividends | $ 0.00 | $ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ |
| 11. Social security or other government assistance (Specify) | $ 0.00 | $ |
| 12. Pension or retirement income | $ 0.00 | $ |
| 13. Other monthly income | | |

Form B6I - (Rev. 12/07)                                                    2007 USBC, Central District of California

| In re    Naresh Mehra | Case No.: |
|---|---|
| Debtor. | (If known) |

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| (Specify) | | |
|---|---|---|
| 135-137 Bay St. 1 | $ 0.00 | $ 0.00 |
| 135-137 Bay St. 2 | $ 2,400.00 | $ 0.00 |
| 135-137 Bay St. 3 | $ 2,350.00 | $ 0.00 |
| 135-137 Bay St. 4 | $ 1,200.00 | $ 0.00 |
| 135-137 Bay St. 5 | $ 1,000.00 | $ 0.00 |
| 135-137 Bay St. 6 | $ 1,950.00 | $ 0.00 |
| 135-137 Bay St. 7 | $ 2,300.00 | $ 0.00 |
| 135-137 Bay St. 8 | $ 1,750.00 | $ 0.00 |
| 145 Bay St. 09 | $ 1,775.00 | $ 0.00 |
| 145 Bay St. 10 | $ 1,300.00 | $ 0.00 |
| 145 Bay St. 11 | $ 1,250.00 | $ 0.00 |
| 145 Bay St. 12 | $ 1,400.00 | $ 0.00 |
| 145 Bay St. 14 | $ 1,600.00 | $ 0.00 |
| 145 Bay St. 15 | $ 1,900.00 | $ 0.00 |
| 145 Bay St. 16 | $ 0.00 | $ 0.00 |
| 145 Bay St. 17 | $ 1,100.00 | $ 0.00 |
| 145 Bay St. 18 | $ 3,400.00 | $ 0.00 |
| 145 Bay St. 19 | $ 6,200.00 | $ 0.00 |
| 145 Bay St. 20 (Paid with 19) | $ 0.00 | $ 0.00 |
| 145 Bay St. 21 | $ 2,550.00 | $ 0.00 |
| 145 Bay St. A | $ 11,309.00 | $ 0.00 |
| 145 Bay St. B | $ 11,714.00 | $ 0.00 |
| 145 Bay St. C | $ 6,870.00 | $ 0.00 |
| Income from Restaurant | $ 2,000.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 67,318.00 | $ |

| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 73,318.00 | $ |
|---|---|---|

| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 73,318.00 |
|---|---|

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:
NONE

Form B6J - (Rev. 12/07)                                    2007 USBC, Central District of California

| In re  Naresh Mehra | Case No.: |
|---|---|
| Debtor. | (If known) |

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,575.00 |
| a. Are real estate taxes included?  Yes ___  No ✓ | | |
| b. Is property insurance included?  Yes ___  No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 0.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 0.00 |
| d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 150.00 |
| 6. Laundry and dry cleaning | $ | 40.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 200.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 550.00 |
| d. Auto | $ | 150.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 579.98 |
| b. Other  135 Bay St. Arrearage at 6% | $ | 1,304.96 |
| 145 Bay St. Arrearage at 6% | $ | 5,200.52 |
| Hawaii Arrearage | $ | 138.12 |
| Payment to Unsecured Creditors. (100%) | $ | 411.00 |
| UST Fee | $ | 541.66 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 57,150.08 |
| 17. Other  Contingency for Vacancy | $ | 1,000.00 |
| Household Supplies - Sundries | $ | 30.00 |
| Personal Care: Products and Services | $ | 75.00 |
| Tobacco | $ | 100.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 70,496.32 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a. Average monthly income from Line 15 of Schedule I | $ | 73,318.00 |
| b. Average monthly expenses from Line 18 above | $ | 70,496.32 |
| c. Monthly net income (a. minus b.) | $ | 2,821.68 |

# UNITED STATES BANKRUPTCY COURT
## Central District of California

in re:    **Naresh Mehra**

Case No. _____

Chapter   **11**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1. Gross Income For 12 Months Prior to Filing:    $ _____

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2. Gross Monthly Income:    $ _____ 0.00

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

| | |
|---|---:|
| 3. Net Employee Payroll (Other Than Debtor) | $ 0.00 |
| 4. Payroll Taxes | 0.00 |
| 5. Unemployment Taxes | 0.00 |
| 6. Worker's Compensation | 0.00 |
| 7. Other Taxes | 0.00 |
| 8. Inventory Purchases (Including raw materials) | 0.00 |
| 9. Purchase of Feed/Fertilizer/Seed/Spray | 0.00 |
| 10. Rent (Other than debtor's principal residence) | 0.00 |
| 11. Utilities | 0.00 |
| 12. Office Expenses and Supplies | 0.00 |
| 13. Repairs and Maintenance | 0.00 |
| 14. Vehicle Expenses | 0.00 |
| 15. Travel and Entertainment | 0.00 |
| 16. Equipment Rental and Leases | 0.00 |
| 17. Legal/Accounting/Other Professional Fees | 0.00 |
| 18. Insurance | 0.00 |
| 19. Employee Benefits (e.g., pension, medical, etc.) | 0.00 |

20. Payments to Be Made Directly By Debtor to Secured Creditors For
       Pre-Petition Business Debts (Specify):

                            _____

21. Other (Specify):

| | |
|---|---:|
| 135-137  Bay St. (PI at 6%) | 9,233.08 |
| 135-137 Bay St. (TI) | 1,150.00 |
| 135-137 Bay St. (Utilities) | 600.00 |
| 135-137 Bay St. (Maintenance) | 1,000.00 |
| 145 Bay St. (PI) | 25,830.00 |
| 145 Bay St. (TI) | 6,130.00 |
| 145 Bay St. (Utilities) | 1,500.00 |
| 145 Bay St. (Maintenance) | 1,400.00 |
| Hawaii (PI) | 2,997.00 |
| Hawaii (TI) | 440.00 |
| Hawaii (Utilities) | 70.00 |
| Hawaii (Maintenance) | 800.00 |
| Management Fee | 6,000.00 |

22. Total Monthly Expenses (Add items 3 - 21)                                                        $ _____ 57,150.08

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

23. AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)                                         $ _____ (57,150.08)

Form B6 - Declaration(Rev. 12/07)                2007 USBC, Central District of California

| In re   **Naresh Mehra** | Case No.: |
| | Debtor.   (If known) |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**19**_____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____            Signature: _____
                                                  Naresh Mehra
                                                  Debtor

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP
### (NOT APPLICABLE)

*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.*

# 90 - 120 Day Cash Flow

**Filing Status:**

| | |
|---|---|
| In re | Naresh Mehra |
| Chapter 11 | |
| Case # | 2:11-bk-18778-EC |

**Notes to Client:**

Type in the clear boxes with the Zeros
The yellow boxes will fill themselves   Keep Out
The grey boxes are empty   Keep Out

| | (Date) | (Date) | (Date) | (Date) | Total Item |
|---|---|---|---|---|---|
| Cash on hand | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| **Cash Receipts** | | | | | |
| Employment Income | 67,818.00 | 67,818.00 | 67,818.00 | 67,818.00 | 271,272.00 |
| Unemployment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTAL CASH AVAILABLE | 67,818.00 | 67,818.00 | 67,818.00 | 67,818.00 | 271,272.00 |
| | | | | | |
| **Cash Paid Out** | | | | | |
| Rent | 2,575.00 | 2,575.00 | 2,575.00 | 2,575.00 | 10,300.00 |
| Groceries | 300.00 | 300.00 | 300.00 | 300.00 | 1,200.00 |
| Vehicle Fuel | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Car Payment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Car Payment | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Auto Insurance | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| recreation | 200.00 | 200.00 | 200.00 | 200.00 | 800.00 |
| clothing | 150.00 | 150.00 | 150.00 | 150.00 | 600.00 |
| laundry/dry cleaning | 40.00 | 40.00 | 40.00 | 40.00 | 160.00 |
| US Trustee fee | 216.66 | 216.00 | 216.00 | 216.00 | 864.66 |
| personal care | 75.00 | 75.00 | 75.00 | 75.00 | 300.00 |
| tobacco | 100.00 | 100.00 | 100.00 | 100.00 | 400.00 |
| 135-137 Bay St Mortgage | 9,233.08 | 9,233.08 | 9,233.08 | 9,233.08 | 36,932.32 |
| 135-137 Bay Tenant improvements | 1,150.00 | 1,150.00 | 1,150.00 | 1,150.00 | 4,600.00 |
| 135-137 utilities | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 |

## 90 - 120 Day Cash Flow

| | | | | | Grand Total |
|---|---|---|---|---|---|
| 135-137 Bay St | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 4,000.00 |
| 145 Bay St Mortgage | 25,830.00 | 25,830.00 | 25,830.00 | 25,830.00 | 103,320.00 |
| 145 Bay St TI | 6,130.00 | 6,130.00 | 6,130.00 | 6,130.00 | 24,520.00 |
| 145 Bay St utilities | 1,500.00 | 1,500.00 | 1,500.00 | 1,500.00 | 6,000.00 |
| 145 Bay St Maintenance | 400.00 | 400.00 | 400.00 | 400.00 | 1,600.00 |
| Hawaii mortgage | 2,997.00 | 2,997.00 | 2,997.00 | 2,997.00 | 11,988.00 |
| Hawaii TI | 440.00 | 440.00 | 440.00 | 440.00 | 1,760.00 |
| Hawaii utilities | 70.00 | 70.00 | 70.00 | 70.00 | 280.00 |
| Hawaii Maintenance | 800.00 | 800.00 | 800.00 | 800.00 | 3,200.00 |
| Management fee | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 24,000.00 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Utilities | | | | | |
| So. Ca. Gas | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| So. Ca. Edison (DWP) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Water | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Phone/internet | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Cell phones | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Direct TV | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Medical | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| Misc. | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| TOTAL CASH PAID OUT | 59,806.74 | 59,806.08 | 59,806.08 | 59,806.08 | 239,224.98 |
| CASH POSITION @ end of Month | 8,011.26 | 8,011.92 | 8,011.92 | 8,011.92 | 32,047.02 |

| In re: Naresh Mehra, | CHAPTER 11 |
|---|---|
| Debtor in Possession | CASE NUMBER 2:11-bk-18778-EC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: P.O. Box 789, Pacific Palisades, CA 90272

A true and correct copy of the foregoing document described as "Debtor in Possession's Case Management Conference Statement" will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 13, 2011 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Richard J Bauer    rbauer@mileslegal.com
- Alan F Broidy    alan@broidylaw.com, sherrie@broidylaw.com
- Russell Clementson    russell.clementson@usdoj.gov
- Mitchell B Ludwig    mbl@kpclegal.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

           ☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April 13, 2011 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Hon Ellen Carroll, United States Bankruptcy Judge, 3420 Twelfth St., Ctrm 225, Riverside, CA 92501
Naresh Mehra, 2420 Main St., Santa Monica, CA 90405

           ☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

           ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 13, 2011 | Maureen J. Shanahan | |
|---|---|---|
| Date | Type Name | Signature |

1

2

3

ALL - STAR FINANCIAL
2700 VENTURA BLVD. #222
WOODLAND HILLS, CA 91364

4

5

BAC HOME LOANS SERVICING, LP
7105 CORPORATE DR.
PTX-B-35
PLANO, TX 75024

6

7

CAPITAL ONE AUTO FINANCE
3901 DALLAS PKWY
PLANO, TX 75093

8

9

CAPITAL ONE, NA
ATTN. BANKRUPTCY/CCAT
DEP 2739 LIBERTY AVE
PITTSBURG, PA 15222

10

11

CHASE BANK
7255 BAYMEADOWS WAY
MAIL STOP JAXB2007
JACKSONVILLE, FL 32256

12

13

CHASE BANK
P.O. BOX 15145
WILMINGTON, DE 19650

14

15

CITIBANK/THD
P.O. BOX 6497
SIOUX FALLS, SD 57117

16

17

Franchise Tax Board
Bankruptcy Section MS A340
Po Box 2952
Sacramento, CA 95812

18

19

20

GERALD MANPEARL
MANDEL & MANPEARL
939 SAN VICENTE BLVD.
SANTA MONICA, CA 90402

21

22

INTERNAL REVENUE SERVICE
300 North Los Angeles Street
M/S 5022
Los Angeles, CA 90012

23

24

MITCHELL B. LUDWIG
KNAPP, PETERSEN & CLARKE
550 N. BRAND BLVD. #1500
GLENDALE, CA 91203

25

26

PROGRESSIMVE MANAGEMENT SYSTEMS
1521 W. CAMERON AVE. 1ST FL.
WEST COVINA, CA 91'790

27

28

SYLVIA AROTH
1322 APPLETON WAY
VENICE, CA 90291

1

2

**UNITED RECOVERY SERVICE**
5800 N. COURSE DR.
HOUSTON, TX 63301

3

**ZANE S. AVERBACH**
GOLDFARB STURMAN

4

15760 VENTURA BLVD. 19TH FL
ENCINO, CA 91436

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28